**McEWEN IRRIGATION COMPANY, aka McEwen Ditch Company, a Utah Corporation, Plaintiff and Respondent,**

v.

**Normand MICHAUD aka Normand P. Michaud aka Bud N. Michaud, Defendant and Appellant.**

**No. 14601.**

Supreme Court of Utah.

Dec. 13, 1976.

Robert L. Gardner, Cedar City, for defendant and appellant.

David L. Mower, Panguitch, for plaintiff and respondent.

ELLETT, Justice:

This is an appeal from an order of the court commanding the defendant to remove a bridge from across plaintiff's ditch traversing defendant's land. The following sequence of events gave the defendant his grounds for appeal:

The sheriff had a Complaint, Summons, and Order to Show Cause in his possession on April 29, 1976. He went to defendant's place and served the Summons, together with a copy of the Complaint, upon defendant's aged mother who lived in one of two trailer homes on defendant's land. The Order to Show Cause (why the bridge should not be removed) was not served. The return date for the order was May 6, 1976, just seven days after the Summons was served.

Defendant contacted an attorney on May 4, 1976, who called the attorney for the plaintiff and the two thought they had worked out a compromise. They agreed to meet May 6th and have an order signed by the judge settling the matter.

May 6th was the regular court day in that rural county. The plaintiff rejected defendant's proposed settlement and the judge called the matter for disposition. Defendant's counsel pointed out to the court that since the order was never served, the court lacked jurisdiction to proceed. How-

ever, when the court learned that the defendant was in the courthouse—not in the courtroom, he ordered the hearing to proceed. Counsel for defendant said he was not prepared for the hearing—that he had only appeared thinking to settle the matter on terms heretofore agreed to. The court ordered him to remain in the courtroom and participate or not as he thought best, and stated that the matter would be heard. It was heard ex parte and the court ordered the bridge to be removed.

The Summons purportedly served upon the defendant gave him twenty days in which to answer the allegations of the Complaint; and when the hearing was had, only seven of those days had elapsed. The order, itself, had not been served on the defendant at that time. There was nothing before the court and the purported order was a nullity.[1]

The order made is set aside, and the case is remanded for such further proceedings as may be proper. Costs are awarded to the appellant.

HENRIOD, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ., concur.

---

1. Rule 6(d), U.R.C.P., provides that an order such as the one before the court "shall be served not later than 5 days before the time specified for the hearing" unless otherwise ordered by the court. No such time was otherwise ordered by the court.